UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SOPHIA MADERE §<br>*Plaintiff*, §<br>§<br>v. §<br>§ Civil Action No. 5:15-cv-954-XR<br>ENTERPRISE HOLDINGS, INC., ET AL. §<br>*Defendants*. § | |

## ORDER

On this day came on to be heard Ford Motor Company's Renewed Motion for Summary Judgment (docket no. 33), EAN Holdings, LLC's motion for summary judgment (docket no. 37), and Plaintiff's Response to these motions (docket no. 39), and the various reply briefs.

## BACKGROUND

On September 20, 2013, Plaintiff rented a 2013 Ford Escape from Enterprise Rent a Car (EAN HOLDINGS, LLC). Over the next several days she drove the car without incident for about 100 miles. On September 28, she claims she was driving slowly down a street and crossed a speed bump. After driving about five to ten yards, she then heard a loud "boom after hitting the speed bump." Then the vehicle "violently jerked its nose down," went forward, and then hit a nearby parked Dodge Charger. Docket 39 at page 8.

Plaintiff initially filed this case in the 150th Judicial District Court of Bexar County, Texas. She alleged that Ford Motor Company designed and manufactured an unreasonably dangerous product. She claimed that Enterprise was negligent in leasing the vehicle to her with a defective front axle, frame and front right tire, which rendered the vehicle unreasonably dangerous. She claimed that as a result of the incident, she sustained mental and physical pain,

physical impairment, loss of wages, and other injuries.[1]  The case was subsequently removed to this federal court.

On February 15, 2016, the parties entered into a Joint Stipulation wherein a number of "Enterprise" defendants were dismissed.  The only two remaining defendants in this case are Ford Motor Company and EAN Holdings, LLC.

On March 30, 2016, Ford filed its original motion for summary judgment.  In response Plaintiff's counsel filed a motion to abate and requested time to conduct discovery in order to respond to the motion.  The Court extended the scheduling order and allowed additional time for Plaintiff to designate experts and denied Ford's dispositive motion without prejudice to refiling at a later date.

Plaintiff's counsel deposed Ford's expert witness, Bob Pascarella, on May 11, 2016.  After this deposition, Plaintiff produced additional previously undisclosed photographs and video.  Plaintiff was also scheduled to be deposed, but ultimately failed to appear.  On September 29, counsel for Plaintiff filed a motion to withdraw, which was granted by the Court.  To date, Plaintiff has not secured new counsel and is proceeding pro se.  The Court warned Plaintiff that although she elected to proceed on a pro se basis, she needed to comply with the various scheduling deadlines and respond to the motions filed by the Defendants.

## DEFENDANTS' MOTIONS

Ford argues that as a matter of law Plaintiff is unable to establish all elements of her products liability claim because the vehicle's black box data conclusively establishes that Plaintiff caused her accident and there was no defect.  More importantly, Ford argues that it is

---

[1] The parties disagree whether Plaintiff was using her cell phone when the accident occurred.  The parties also disagree whether all or most of Plaintiff's ailments existed prior to this accident.

Plaintiff's burden to establish that a defect existed in the vehicle as she alleges, and she has no competent evidence to establish a defect or causation.

Likewise, Enterprise argues that Plaintiff hit the parked car, which caused the wheel failure, and that Plaintiff has the burden of establishing that it leased a defective and unreasonably dangerous vehicle and that a defect in the vehicle caused her injuries.

## ANALYSIS

To recover for a product liability claim alleging design defect, a plaintiff must prove that (1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery. A manufacturing defect exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous. *See Romo v. Ford Motor Co.*, 798 F. Supp. 2d 798, 807 (S.D. Tex. 2011). The mere fact that an accident occurred is not sufficient proof that an automobile was defective. A "specific defect must be identified by competent evidence and other possible causes must be ruled out." *Nissan Motor Co. Ltd. v. Armstrong*, 145 S.W.3d 131, 137 (Tex. 2004).

Defendants argue that as a matter of law since Plaintiff has not retained any expert witness she fails to establish causation, because in their estimation expert testimony is mandatory. "Whether expert testimony is required depends on whether the issue involves matters beyond the general experience and common understanding of laypersons." *Driskill v. Ford Motor Co.*, 269 S.W.3d 199, 204 (Tex. App. - Texarkana 2008, no pet.). Regardless of whether an expert was required to be retained, Plaintiffs' claims fail as a matter of law because she tenders no competent evidence that identifies a specific defect and fails to rule out other possible causes of the accident. Plaintiff merely relies upon her subjective belief, conclusory

statements, and hearsay. Plaintiff argues that the data recorder was unreliable. She further argues that Ford's expert is biased because of his employment relationship with Ford. But attacking the data recorder and Ford's expert is not sufficient to stave off summary judgment. The burden is on the Plaintiff to identify by competent evidence that the vehicle was defective. She offers no such evidence.

## CONCLUSION

Ford Motor Company's Renewed Motion for Summary Judgment (docket no. 33) is GRANTED. EAN Holdings, LLC's motion for summary judgment (docket no. 37) is GRANTED.

The Clerk is directed to enter a judgment that Plaintiff take nothing by her claims. Defendants are awarded their costs of court and may file a Bill of Costs in the form required by the Clerk of Court and pursuant to the Local Rules.

SIGNED this 14th day of December, 2016.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE